UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

In the Matter of:               Chapter 11

Magnetic Resonance Imaging      Case No. 1:15-40644 (NHL)
Associates of Queens, P.C.


                debtor.
------------------------------------X

### DEBTOR'S AFFIDAVIT IN SUPPORT
### OF DEBTOR'S USE OF CASH COLLATERAL

STATE OF NEW YORK    :
                     :
COUNTY OF KINGS      : S.S.

I, John Nathenas, MD, being duly sworn, deposes and says:

1. I am the president of debtor Magnetic Resonance Imaging Associates of Queens, P.C., ("Debtor" or "Debtor-in-Possession") and I am fully familiar with Debtor's books and records.

2. On or about August 7, 2009, Debtor entered into a $500,000.00 line of credit ("Loan") with Citibank, N.A. ("Citibank").(See Credit Approval letter attached at Exhibit A)

3. Pursuant to the provisions of the Loan, on or about August 18, 2009, Citibank filed a UCC Financing Statement, maintaining a security interest, *inter alia,* in all accounts, money and all intangibles of Debtor. (See financing statement and continuation attached as Exhibit B)

Case No. 1:15-40644 (NHL)
*Debtor's Affidavit in Support
of Debtor's Use of Cash Collateral*

4. On or about December 18, 2014, Citibank sold all its title right and interest in the Loan and security interest to an unrelated third party, Radiance Capital Receivables Thirteen, L.L.C. ("Radiance Capital").

5. On or about January 13, 2015, Debtor and Radiance Capital entered into an agreement amending certain provisions of the Loan ("Amendment"). See Amendment attached as Exhibit C.)

6. The amount of cash collateral Debtor requires to maintain its current operations is approximately $40,000 per month.

7. There are no other existing liens.

8. There is no Loan or Amendment provision that elevates pre-petition debt to administrative expense status or that secures pre-petition debt with liens on post-petition assets.

9. There is no Loan or Amendment provision that applies the proceeds of post-petition financing to pay, in whole or in part, pre-petition debt or which otherwise has the effect of converting pre-petition debt to post-petition debt.

10. There are no terms of the Loan or Amendment that provide that the use of cash collateral or the availability of credit will cease on (i) the filing of a challenge to the lender's pre-petition lien or the lender's pre-petition claim based on the lender's pre-petition conduct; (ii) entry of an

Case No. 1:15-40644 (NHL)
Debtor's Affidavit in Support
of Debtor's Use of Cash Collateral

order granting relief from the automatic stay; (iii) the grant of a change of venue with respect to the case or any adversary proceeding; (iv) management changes or the departure, from the Debtor, of any identified employees; (v) the expiration of a specified time for filing a plan; or (vi) the making of a Financing Motion by a party in interest seeking any relief (as distinct from an order granting such relief).

11. The Loan or Amendment documents do not contain a change-of-control provision.

12. The Loan or Amendment contain no provision establishing a deadline for, or otherwise expressly requiring, the sale of property of the estate;

13. There is no Loan or Amendment provision for the funding of non-debtor affiliates with the cash collateral.

14. There is no Loan or Amendment termination or default provisions, cross-default provisions or provisions providing for events of default or having the effect of termination or default on the automatic stay or the lender's ability to enforce remedies.

15. There is no Loan or Amendment provision which purports to preclude the Court from entering an order authorizing financing which primes liens held by the lender, or any provision which purports to preclude the Court from confirming a

*Case No. 1:15-40644 (NHL)*
*Debtor's Affidavit in Support*
*of Debtor's Use of Cash Collateral*

plan of reorganization which impairs the lender without the lender's consent.

16. Debtor must utilize cash on hand and cash flow from operations to pay business expenses incurred in the normal course of business. An inability to use these funds during this Chapter 11 case could cripple Debtor's business operations.

17. Among other things, the Debtor must use its cash to continue the operation of its businesses in an orderly manner, maintain business relationships pay employees and satisfy other operation needs -- all of which are necessary to preserve and maintain the Debtor's going-concern value and, ultimately, effectuate a successful reorganization.

18. Section 363(c)(2)(B) of the Bankruptcy Code permits Debtor-in-possession to use cash collateral after notice and a hearing. Section 363(e) of the Bankruptcy Code requires Debtor to adequately protect the secured creditor's interest in property to be used by Debtor against any diminution in value of such interest resulting from the debtor's use of the property during the chapter 11 cases.

19. What constitutes sufficient adequate protection is decided on a case-by-case basis. See In re Martin, 761 F.2d 472 (8th Cir. 1985); In re Mosello, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); In re Sw.Assocs., 140 B.R. 360 (Bankr. S.D.N.Y.

Page 4

Case No. 1:15-40644 (NHL)
*Debtor's Affidavit in Support
of Debtor's Use of Cash Collateral*

1992). By adequate protection, the Bankruptcy Code seeks to shield a secured creditor from diminution in the value of its interest in the particular collateral during the period of use. See In re 495 Cent. Park Ave. Corp., 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992); In re Beker Indus. Corp., 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); In re Hubbard Power & Light, 202 B.R. 680 (Bankr. E.D.N.Y. 1996). Adequate protection can come in various forms, including payment of adequate protection fees, payment of interest, granting of replacement liens and administrative claims.

20. In this case, Radiance Capital is adequately protected. In addition to the cash collateral, Radiance Capital maintains a security interest in all the equipment and fixtures of Debtor.

21. Based on all of the forgoing, Debtor respectfully requests the court enter the order permitting Debtor's use of cash collateral.

Date: _____

John Nathenas, M.D.

Sworn and signed before me this 10th day of March 2015.

_____
NOTARY PUBLIC

JOHN H MCNEAL
Notary Public - State of New York
NO. 01MC6310234
Qualified in Nassau County
My Commission Expires Aug 25, 2018

EXHIBIT A

Case 1-15-40644-nhl    Doc 20-1    Filed 03/13/15    Entered 03/13/15 10:18:06

(Page 2 of 10 - This print header can be changed using the printheader HTML tag - see the viewONE HTML manual for further information)



## Credit Approval Letter

August 7, 2009

Magnetic Resonance Imaging Associates of Queens, P.C.
92-37 Metropolitan Avenue
Forest Hills, NY 11375

Re: $500,000.00 Relationship Ready Line of Credit

Ladies and Gentlemen:

Citibank, N.A. ("Citibank" or "Bank") is pleased to offer a relationship ready line of credit ("RRC") on the terms and conditions outlined below and as set forth in the Credit Terms and Conditions Disclosure Booklet provided to you (the "Disclosure Booklet"). Terms not defined herein shall have the meanings given to them in the Disclosure Booklet.

General Terms of RRC:

Amount of Credit Available:    $500,000.00

Borrower:    Magnetic Resonance Imaging Associates of Queens, P.C. ("Borrower")

Guarantors:    John Nathenas, and Academic Management Organization, Inc. (each a "Guarantor" and collectively the "Guarantors")

Person(s) Providing Collateral:   Magnetic Resonance Imaging Associates of Queens, P.C. and Academic Management Organization, Inc. (each a "Grantor" and collectively the "Grantors")

First Day Available:

The first day this RRC is available is the date each of the requirements set forth in this Credit Approval Letter are satisfied.

Last Day Available:

The RRC is offered until the cancellation of the RRC by either Citibank or the Borrower, at which time the then outstanding principal balance of the RRC and all accrued but unpaid interest shall be repaid in the manner set forth below.

RRC Fee:

There shall be due an annual fee equal to $2,500.00 payable on or before the first day this RRC is available and upon each anniversary of the date of this Credit Approval Letter. The Borrower authorizes Citibank to debit any of their Citibank accounts for the payment of such RRC fee.

- 1 -

Version 4/10/08

Case 1-15-40644-nhl    Doc 20-1    Filed 03/13/15    Entered 03/13/15 10:18:06

(Page 3 of 10 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

### Interest Rate; Payments of Interest:

The RRC will bear interest at a rate per annum equal to the greater of the (i) the Citibank Prime Rate, or (ii) the "Minimum Interest Rate" plus in each case a margin of 2.00%. Any change in the Citibank Prime Rate or the Minimum Interest Rate shall take effect on the date of the change in the Citibank Prime Rate or the Minimum Interest Rate, as applicable.

"Minimum Interest Rate" means two hundred (200) basis points in excess of the rate of interest determined by Bank in accordance with its customary procedures and utilizing such electronic or other quotation sources as it considers appropriate to be the prevailing rate per annum in effect each banking day at which deposits in United States dollars for a one month period, determined by Bank in its sole discretion, are offered to Bank by first class banks in the London Interbank Market shortly after 11:00 a.m. (London time) two banking days prior to the date such rate of interest shall be effective and applied to existing and future advances under the RRC.

Interest shall be payable monthly.

Interest shall be calculated on the basis of actual days elapsed in a 360 day year.

### Use of Proceeds of Loans:

Proceeds of the Loans will be used to finance working capital requirements and to payoff and close existing line of credit with Unity Bank.

### Requests for Loans:

Loans may be obtained by using checks furnished by Citibank, transfers made on Citibank's on-line banking system and any other method acceptable to Citibank from time to time. Citibank will have no obligation to honor a request for a Loan if: (i) the maximum amount of the RRC has or would be exceeded by making the Loan, (ii) the check is post-dated, (iii) the Borrower's checks have been reported lost or stolen, (iv) a check is not signed by an authorized signer, (v) an Event of Default shall exist, or (vi) Citibank has cancelled Borrower's right to obtain a Loan.

### Repayment:

In addition to payments of interest as set forth above, upon the cancellation of the RRC, provided that no Event of Default has occurred and is continuing, the principal balance of the RRC as of the date of the cancellation thereof shall be repaid in forty eight (48) equal monthly installments of principal each in the amount of 1/48th of such principal balance, payable monthly beginning in the month immediately following such cancellation.

### Repayment of Loans:

Subject to the terms and conditions hereof, the Disclosure Booklet, and the terms and conditions set forth in any other agreement between the Bank and the Borrower with respect to the RRC, the Borrower may borrow, repay in whole or in part, and re-borrow on a revolving basis, up to the maximum amount of the RRC. The Bank shall maintain its records to reflect the amount and date of each Loan, the interest rate applicable to such Loan and each payment of principal and interest thereon. All such records shall, absent manifest error, be conclusive as to the outstanding principal amount of the RRC; provided, however, that the failure to make any notation to the Bank's records shall not limit or otherwise affect the obligations of the Borrower to repay each Loan made by the Bank, in accordance with the terms hereof.

### Obligations While RRC is in Effect:

I.      Reporting Requirements:

To assist Citibank in conducting its ongoing credit review, the following will be provided to Citibank while the RRC is offered:

Case 1-15-40644-nhl    Doc 20-1    Filed 03/13/15    Entered 03/13/15 10:18:06

(Page 4 of 10 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Financial Statements and Tax Returns. Recent fiscal year tax returns or CPA reviewed Financial Statements in addition to updated Personal Financial Statements, upon request.

Insurance. With respect to Borrower or Guarantor, notice of any insurance claim made by such party in excess of $50,000.

II. Financial Covenants.

None

III. Miscellaneous Provisions.

Entire Agreement

This Credit Approval Letter, the Disclosure Booklet and the other Loan Documents executed in connection with the RRC set forth the entire agreement among the parties hereto related to the RRC and the transactions contemplated hereby and supersede any prior oral or written statements or agreements with respect thereto.

Waivers

The Borrower and Guarantors each hereby waives presentment, demand for payment, protest, notice of dishonor, and any and all other notices or demands in connection with the delivery, acceptance, performance, default, or enforcement of this Credit Approval Letter, the Disclosure Booklet and all other Loan Documents.

Waiver of Jury Trial

To the fullest extent permitted by applicable law, the Borrower, each Guarantor and Citibank waive all rights to trial by jury on any cause of action directly or indirectly involving the terms, covenants or conditions hereof, of the Disclosure Booklet or any other Loan Document.

Authorization of Transactions

The Borrower is duly authorized to execute and deliver this Credit Approval Letter and the other Loan Documents and to borrow under, and to effect all other transactions contemplated by, this Credit Approval Letter and the other Loan Documents to which it is a party.

Each Guarantor that is an Entity is duly authorized to execute and deliver this Credit Approval Letter and the other Loan Documents to which it is a party and to effect all other transactions contemplated by, this Credit Approval Letter and the other Loan Documents to which it is a party.

IV. Disclosure Booklet. The Borrower and each Guarantor hereby acknowledge the receipt of the Disclosure Booklet, which shall be applicable to the RRC.

V. Uncommitted Line of Credit. All Loans under the RRC, are at Citibank's sole and absolute discretion and Citibank, at its option and without notice to the Borrower, may decline to make any Loan requested by the Borrower.

VI. Special Terms. Notwithstanding anything to the contrary set forth herein, in the Disclosure Booklet or in any other Loan Document, the following special terms shall apply to the RRC:

None

- 3 -

Version 8/10/08

Case 1-15-40644-nhl    Doc 20-1    Filed 03/13/15    Entered 03/13/15 10:18:06

(Page 5 of 10 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Malpractice Insurance

Borrower shall maintain professional malpractice insurance in an amount, covering such risks and issued by an insurance company acceptable to Lender in its sole discretion, but in no event shall such amount or coverage limits be less than that required by applicable state law or regulation. Borrower shall deliver to Lender a certificate of insurance evidencing the existence of professional malpractice coverage as required by the Lender from time to time.

VII.   Additional Terms.

None

VIII.   Acceptance of RRC.

In order to accept this RRC, please sign the enclosed copy of this Credit Approval Letter in the space indicated below and return it to Citibank together with any required with the borrowing and any guarantying resolutions attached to this Credit Approval Letter completed and signed as required and Loan Documents within fourteen days of the date hereof.

Very truly yours,

CITIBANK, N.A.

By signing below, Borrower acknowledges receipt of this Credit Approval Letter, the Disclosure Booklet and all other Loan Documents, and agrees to the terms and provisions contained therein.

Magnetic Resonance Imaging Associates of Queens, P.C.

By: _____ as POA for John Nathenas
Name:   John Nathenas
Title:   President

Address for Notices:
92-37 Metropolitan Avenue
Forest Hills, TN 11375

- 4 -

Version 4/10/08

EXHIBIT B

775121        2009 Aug 18 AM 11:53

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
CSC (800)858-5294

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

CSC
6500 Harbour Heights Pkwy, Suite 400
Mukilteo, WA 98275, USA
NYFilings@Diligenz.com
(Fax)(800)345-6059

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: Magnetic Resonance Imaging Associates of Queens, P.C.

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 92-37 Metropolitan Avenue | Forest Hills | NY | 11375 | USA |

1e. TYPE OF ORGANIZATION: Corporation
1f. JURISDICTION OF ORGANIZATION: NY

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

(blank)

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME: Citibank, N.A.

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3950 Regent Blvd. S2B-240 | Irving | TX | 75063 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All personal property of every kind and nature, including, without limitation, all accounts (including healthcare insurance receivables), goods (including inventory, equipment, fixtures and any accessions thereto and embedded software), chattel paper (whether electronic, tangible or intangible), documents, instruments (including promissory notes), general intangibles, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), supporting obligations, commercial tort claims, investment property (including securities), money, deposit accounts and other contract rights or rights to the payment of money; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and accounts proceeds).

8. OPTIONAL FILER REFERENCE DATA 10814 (44473567)

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-200908185748545**

742925          2014 Apr 28 PM12:39

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Gisella Melendez 800-331-3282

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
efiling@wolterskluwer.com
(Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #  200908193748545 Filedate: 18-AUG-09

1b. [ ] This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. [ ] TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. [X] CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. [ ] ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects [ ] Debtor  or [ ] Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[ ] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
[ ] DELETE name: Give record name to be deleted in item 6a or 6b.
[ ] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7. CHANGED (NEW OR ADDED) INFORMATION:
7a. ORGANIZATION'S NAME

OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any [ ] NONE

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral [ ] deleted  or [ ] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME  CITIBANK, N.A.

OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

10. OPTIONAL FILER REFERENCE DATA  NY-0-43050020-48495690

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**Filing Number-20140428542 7436**

EXHIBIT C

# AMENDMENT TO LOAN AGREEMENTS

Comes now Magnetic Resonance Imaging Associates of Queens, P.C. as maker (hereinafter "Maker") of the certain Loan Agreements (No's 9954731657, 4985640018) dated August 7, 2009 in the total original amount of $500,000.00 made payable to Citibank, N.A. and Radiance Capital Receivables Thirteen LLC, a Washington limited liability company (hereinafter "Holder"), as successor in interest to the Loan Agreements (hereinafter the "Agreements") by virtue of a Bill of Sale dated December 18, 2014 and agree as follows:

1. Radiance Capital Receivables Thirteen LLC is the bona fide holder in due course of the Agreements and has physical possession of the originals and has full authority to compromise the Agreement and to amend the terms of the Agreements.

2. The balance owing on the Agreements, including all unpaid principal, interest, fees and charges are, as of this date, $450,442.81.

3. Maker is obliged to pay on the Agreements and has full authority to amend, compromise, extend and otherwise modify the terms of the Agreements.

4. General releases. Maker hereby releases Citibank N.A. and First Financial Network, from any and all claims related to these Agreements.

5. In consideration of the mutual promises set forth herein and the forbearance by Holder, Holder and Maker hereby agree as follows:

   A. Maker shall pay to Holder, Twelve (12) monthly payments of $4,500.82 beginning June 1, 2015 thru May 1, 2016, followed by
   B. One (1) payment of $450,082.81 due by June 1, 2016, to be reviewed on or before May 15, 2016

6. In the event that Maker fails to adhere to the terms of the Amendment, the Loan Agreements will be enforceable in full

A FACSIMILE OF THIS AMENDMENT TO LOAN AGREEMENTS WITH SIGNATURE SHALL BE CONSIDERED TO BE AN ORIGINAL.

DONE THIS 13 day of January, 2015.

HOLDER

Radiance Capital Receivables Thirteen LLC

By: Matthew L. Sweeney, Member

MAKERS

Magnetic Resonance Imaging Associates of Queens, P.C., Academic Management Organization, Inc.

John Nathenas, President and Individual